UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YOLETTE CHERESTAL,

    Plaintiff,

v.                                              Case No:  6:12-cv-1681-Orl-28TBS

SEARS ROEBUCK & CO.,

    Defendant.

## ORDER

Pending before the Court is Defendant, Sears, Roebuck and Co.'s ("Sears"), Motion to Compel Production of Documents in Response to its Second Request for Production to Plaintiff.  (Doc. 35).  Plaintiff has filed a response in opposition.  (Doc. 36).  The motion is due to be **GRANTED**.

    I.    **Background**

Plaintiff previously worked for Sears as an optician at a Sears optical store, located within the Sears store at the Florida Mall, 8001 South Orange Blossom Trail, Orlando, Florida (the "Store"). (Doc. 2 ¶ 3).  Luxottica Retail North America, Inc. ("Luxottica") operated the Sears optical store.  (Id. ¶ 4).

Plaintiff alleges members of the Store security department targeted her because of her race and national origin and accused her of stealing merchandise.  (Id. ¶ 15).  In November of 2009, a member of the security department questioned Plaintiff about her purchases from the Store.  (Id. ¶ 16).  On December 26, 2009, four members of the security department detained Plaintiff at the end of her workday for approximately one and one-half hours and interrogated her about purchases she had made.  (Id. ¶¶ 18-20).  The security personnel accused Plaintiff of stealing merchandise, and informed her that they would be speaking to her supervisors at the optical store. (Id. ¶¶ 27, 29).  Two days

later, Plaintiff was terminated for being absent from her post on December 5 and December 26 during times when she should have been present.  (Id. ¶ 32).

On February 8, 2012, Plaintiff filed claims of employment discrimination; false imprisonment; and negligent hiring, training, supervision and retention against Luxottica and Sears.  Cherestal v. Luxottica Retail North Am., Inc., et. al., Case No. 6:12-cv-209-JA-DAB (Doc. 1).  On August 20, 2012, the Court dismissed the tort claims and compelled the parties to arbitration.  Case No. 6:12-cv-209-JA-DAB (Doc. 34).  In the arbitration proceeding, Plaintiff and Luxottica made a settlement agreement which resolved all of Plaintiff's employment discrimination claims, including her employment discrimination claim against Sears.  (Doc. 35 ¶ 3).

Four days later, Plaintiff filed this lawsuit against Sears in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, alleging claims of false imprisonment; negligent training, supervision, and retention of Sears' loss prevention personnel; tortious interference with advantageous employment/business relationship; and defamation. (Doc. 2).  Sears removed the case to this Court. (Doc. 1).  On motion by Sears, the Court dismissed Counts II (negligent training) and IV (defamation) of Plaintiff's complaint with prejudice.  (Doc. 33).

On July 25, 2013, Sears served its Second Request for Production on Plaintiff, to which she responded on August 27, 2013.  (Doc. 35 at 3).  Plaintiff objected to Request 2 on the ground that it seeks privileged information; information already in Sears' possession; and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.  She objected to Request 5 on the ground that it seeks information already in Sears' possession.  Sears argues in its motion that Plaintiff's responses to Requests 2 and 5 are improper and asks for complete production of the discovery it requested.

II. Standard of Law

Rule 26(b)(1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). There are, however, boundaries and the Court can limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Rule 34(a) authorizes parties to propound to one another requests for the production of documents and other things within the scope of Fed. R. Civ. P. 26(b). A request to produce must include a reasonably particular description of the items to be inspected; specify a reasonable time and place for the inspection and related acts; and specify the form(s) in which electronically stored information should be produced. Fed. R. Civ. P. 34(b)(1). The recipient of the request has 30 days within to respond. Fed. R. Civ. P. 34(b)(2)(A). In its response, the recipient must state that inspection and related activities will be permitted or object and include the reasons for the objections. Fed. R. Civ. P. 34(b)(2)(B).

III. Analysis

REQUEST NO.2:

Copies of any and all correspondence with Luxottica regarding or relating to settlement of the employment discrimination claims that were asserted by the Plaintiff against Luxottica and Sears.

RESPONSE:

Plaintiff does not have in her possession and therefore cannot

>produce copies of any and all correspondence that her attorney may have sent to or received from Luxottica's attorney regarding or relating to the settlement of the employment discrimination claims that were asserted by the Plaintiff against Luxottica and Sears. Plaintiff objects to producing copies of the requested correspondence on grounds that it is privileged attorney work product and privileged communication between the attorneys for the parties in the context of settlement. In addition, Plaintiff objects to this item of Defendant's request to produce on grounds that it is propounded as an exercise to obtain some of the same documents that Defendant's counsel already has in her possession and on grounds that the request is propounded to annoy and harass the Plaintiff and Plaintiff's counsel by creating work for them to identify, copy and produce the requested documents.

While she generally asserts privilege, Plaintiff has not explained why the requested materials are privileged. See Fed. R. Civ. P. 26(b)(5)(A) (stating that a party who claims privilege must "describe the nature of the . . . communications . . . ."). She has not submitted a privilege log nor cited any legal authority in support of her position. Some of the documents Sears has requested were created by counsel for Luxottica. "Ordinarily, the work product doctrine does not shield from discovery documents created by third parties." Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp., 233 F.R.D. 678, 681 (M.D. Fla. 2006). And, Plaintiff does not claim that any of the documents created by her attorney were prepared in anticipation of litigation or for trial.

To the extent Plaintiff argues that the sought information is privileged settlement communications protected by Federal Rule of Evidence 408,[1] this Court has previously noted that Rule 408 does not bar discovery of information concerning a settlement. See U.S. ex. rel. RMP Capital Corp. v. Turner Const. Co., 6:11-cv-1983-Orl-19TBS, 2012 WL 6552063 (M.D. Fla. Dec. 14, 2012) (citing In re Denture Cream Prods. Liab. Litig., No. 09-2051, 2011 WL 1979666 (S.D. Fla. May 20, 2011); Griffin v. Mashariki, No. 96 CIV.

---

[1] Plaintiff never directly mentions Rule 408, but she responds to Sears' argument discussing the Rule. (Doc. 36 at 4).

- 4 -

6400(DC), 1997 WL 756914 (S.D.N.Y. Dec. 8, 1997); Tribune Co. v. Purcigliotti, No. 93 Civ. 72222 (LAP)(THK), 1996 WL 337277 (S.D.N.Y. June 19, 1996)). Rule 408 governs the admissibility of evidence and does not speak to discovery matters. See Fed. R. Evid. 408; Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc., No. 05-60860-CIV, 2007 WL 1526649 *3 (S.D. Fla. May 22, 2007) ("But again, admissibility issues should not drive the discovery issue."). Lastly, Plaintiff argues that Sears already has the requested documents in its possession. In support of this argument, she has attached some of the documents to her response, in direct conflict with her assertion that the sought discovery is privileged. For these reasons, the Court finds the requested discovery is not privileged work product or protected communications under Rule 408.

Next, Plaintiff states that the documents sought in Request 2 are not in her possession, but are instead in the possession of her attorney. Rule 34 provides that a party may serve a request to produce documents in the responding party's "possession, custody, or control." Control is a "party's legal right, authority, or practical ability to obtains the materials sought on demand." Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co., No. 2:09-cv-599-FtM-99SPC, 2010 WL 4853891 *3 (M.D. Fla. Nov. 22, 2010) (quoting In re Wright, 2005 WL 6488101 *3 (N.D. Ga. Aug. 9, 2005)). Because Plaintiff can easily acquire the documents from her attorney, who has represented her in both cases, the Court finds that the materials are within her control.

Plaintiff also argues that Sears is not entitled to the sought discovery because the information is likely already in its possession. She has not cited any legal authority to support her argument that she is relieved of her duty of production because the opposing party might already possess the sought information. And, she has not identified with particularity the documents she thinks both parties possess, so there is no way for Sears or the Court to know if both parties already have the same information.

- 5 -

Finally,[2] Plaintiff contends that Request 2 is not reasonably calculated to lead to the discovery of admissible evidence. In this lawsuit, Plaintiff seeks damages based upon Sears' alleged interference with her employment by Luxottica. Sears maintains that Luxottica terminated Plaintiff because she failed to follow Luxottica's policies. Thus, information relating to Plaintiff's settlement with Luxottica is relevant to the factual issues in this case. Now, Plaintiff's objections are **OVERRULED** and Sears' motion to compel Request 2 is **GRANTED**.

> REQUEST NO.5:
>
> Copies of any documents obtained from Luxottica since December 28, 2009, relating to the Plaintiffs employment or her claims against Luxottica and/or Sears.
>
> RESPONSE:
>
> Plaintiff does not have in her possession and therefore cannot produce copies of the documents requested in this item of Defendant's request to produce as said documents are in the possession of her attorney. Based upon Plaintiffs attorney's information and belief, Defendant's counsel already has in her possession copies of the documents that are being requested in this item of Defendant's request to produce. Therefore Plaintiff objects to this item of Defendant's request to produce on grounds that it is propounded as an exercise to obtain the same documents that Defendant's counsel already has in her possession and on grounds that the request is propounded to annoy and harass the Plaintiff and Plaintiff's counsel by creating work for them to identify, copy and produce the requested documents.

For the reasons stated above, Plaintiff's objections are **OVERRULED** and Sears' motion to compel Request 5 is **GRANTED**.

Within 14 days of the issuance of this order Plaintiff shall produce all documents

---

[2] In her response, Plaintiff notes that she too, has propounded a Second Request for Production on Sears, in which she seeks similar information. She states that Sears has objected to her requests and has not produced the desired materials. Because Plaintiff does not assert that these facts relieve her of her duty to produce, the Court will not address these statements in greater detail.

responsive to Sears' Second Requests for Production Numbers 2 and 5.

If the Court grants a motion to compel, it must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). Exceptions exist if (1) the movant filed the motion before attempting in good faith to obtain the discovery without court action; (2) the opposing party's nondisclosure was substantially justified; or (3) other circumstances make an award of expenses unjust. Id. None of the exceptions are present here. Therefore, within 14 days from the issuance of this Order, the parties shall agree upon the amount of attorney's fees and costs to be awarded to Sears or, Sears shall file a motion for fees and costs and then Plaintiff shall have 14 days to respond.

**DONE** and **ORDERED** in Orlando, Florida on September 20, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record